FRANK A. WILDES *vs.* WILLIAM H. DRAPER.

PROVIDENCE—JUNE 20, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading and Practice. Filing further Pleas. Clerical Omission.*

May 16, 1901, plaintiff submitted to decision for defendant in a District Court, and May 18 claimed a jury trial. May 20 the papers were certified to the Common Pleas Division, pursuant to Gen. Laws cap. 237, § 8. May 22 the defendant filed further pleas, under Gen. Laws cap. 238, § 3,

with the clerk of the District Court. The papers, including said pleas, were received by the clerk of the Common Pleas Division May 24, but the pleas were not stamped as received by him. On motion in arrest of judgment, alleging that the pleas were not filed in the Common Pleas Division nor properly filed in the District Court :—

*Held,* that, so long as the pleas were filed within the time prescribed, it was immaterial by whom they were filed.

*Held,* further, that, when it appeared that papers were in fact filed which a party had a right to file, he could not be deprived of that right by a mere clerical omission.

REPLEVIN. Heard on motion in arrest of judgment, and motion denied.

STINESS, C. J. The plaintiff brought an action in replevin in the District Court, in which he submitted to judgment for the defendant, May 16, 1901, and on May 18, 1901, claimed a jury trial. Under date of May 20, the papers were certi-fied to the Common Pleas Division of this court, pursuant to Gen. Laws cap. 237, § 8.

On May 22, 1901, the defendant filed pleas of *non cepit*, and of property in another, and of right of possession under a mortgage by such other person, with the clerk of the District Court. The papers were received by the clerk of the Common Pleas Division May 24, 1901, including said pleas. On June 17, 1901, the plaintiff was called and nonsuited, and decision was rendered for the defendant for return and restoration, with ten cents damages and double costs.

The plaintiff moved in arrest of judgment, which motion, having been overruled, is brought before us on exceptions.

The ground of the motion is that the pleas were filed in the District Court after the date of certification to the Common Pleas Division, and so were not filed in said Division or properly filed in the District Court; consequently, that the only plea in the case was that of the general issue, Gen. Laws cap. 237, § 3, which in replevin he claims is *non cepit,* and that this plea, admitting title in plaintiff, does not warrant a judgment of return and restoration.

Gen. Laws cap. 238, § 3, provides that in any case certi-fied to the Common Pleas Division on claim for jury trial by either party, further pleas may be filed within ten days from

the day of certification. Having this right, a party may file his pleas, subject only to the condition that they are filed with the papers within the time prescribed. The statute does not require him to file them with his own hand, and we see no reason for holding that they are not properly filed through his attorney, the attorney's clerk, the clerk of the District Court, or anybody else, so long as they are filed. Such was the fact in this case. The pleas in question were with the papers received by the Clerk of the Common Pleas Division within the required time, and, hence, they were filed within the meaning and terms of the statute. If they had been stamped by the clerk of the Common Pleas Division, as they should have been, having been received by him, they would have been no more on file than they were without it. But in that case we are unable to see how any such question could have been raised. When it appears that papers are in fact filed, which a party has the right to file, he cannot be deprived of such right by a mere clerical omission.

This being so, a decision for return and restoration was properly given on the pleas of property.

The motion in arrest of judgment is denied.

*Irving Champlin*, for plaintiff.

*John W. Hogan*, for defendant.